IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

September 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | For Publication |
| | ) | |
| Appellee, | ) | Filed: |
| | ) | |
| v. | ) | Shelby County |
| | ) | |
| CLARENCE C. NESBIT | ) | Hon. Arthur T. Bennett, Judge |
| | ) | |
| Appellant. | ) | No. 02-S-01-9705-CR-00043 |

DISSENTING OPINION

I must respectfully dissent from the part of the majority opinion concerning victim impact evidence. Because I acknowledge that Payne v. Tennessee, 501 U.S. 808, 111 S. Ct. 2597, 115 L. Ed.2d 720 (1991), controls, I agree with the majority's statement that victim impact evidence is admissible if adduced within the constraints of due process and Tenn. R. Evid. 403. I disagree, however, with the majority's conclusion that the victim impact evidence used in this case was adduced within those constraints.

Although legally admissible, the reasons for excluding victim impact evidence are still compelling in my view. Particularly troublesome is the issue of relevance. This is true because the character of the victim and the effect on the victim's family may be wholly unrelated to the blameworthiness of the defendant. Booth v. Maryland, 482 U.S. 496, 504, 107 S. Ct. 2529, 2534, 96 L. Ed.2d 440, 449 (1987). Generally, victim impact evidence is unsettling because its use encourages the jury to

quantify the value of the victim's life and urges the finding that murder is more reprehensible if the victim is survived by a bereaved family than if the victim had no family at all. See id. at 505, 107 S. Ct. at 2534, 96 L. Ed.2d at 450.

Addressing the particular evidence introduced in this case, the majority describes the five pages of victim impact evidence as "clear and concise." However, as Judge Gary R. Wade explained in his partial dissent from the Court of Criminal Appeals's ruling below, the victim impact evidence allowed in Payne and other Tennessee cases comprises only a few lines of testimony. I therefore view the victim impact evidence in this case as protracted and, consequently, prone to be unfairly prejudicial. In addition, the State's rebuttal argument was based on the impact of the victim's death upon her family. In this argument, the State pervasively characterized the victim impact evidence as an aggravating factor to be weighed against the mitigating proof. The majority concedes that the argument was error but finds that the error did not appear to have affected the verdict to the defendant's prejudice.

I, like Judge Wade, cannot conclude that the State's argument, considered with the lengthy victim impact testimony, did not affect the verdict. In so stating, I draw no conclusions regarding the penalty imposed. I find only that a jury should be allowed to reconsider the penalty under the correct sentencing guidelines. I would remand this case for a new sentencing hearing.

_____
ADOLPHO A. BIRCH, JR., Justice

2